## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 21 2015, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cory Alan Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 21, 2015

Court of Appeals Cause No.
85A02-1412-CR-839

Appeal from the Wabash Circuit Court
Cause No. 85C01-1310-FA-889

The Honorable Robert R. McCallen, III, Judge

**Barnes, Judge.**

# Case Summary

Cory Neal appeals his forty-year sentence for Class A felony child molesting. We affirm.

# Issue

Neal raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

Neal is the father of A.N., who was born in July 2005. In 2013, A.N. reported that Neal had touched her inappropriately. During the course of the investigation, Neal admitted that he put his penis in A.N.'s mouth on two occasions, that she touched his penis with her hands, and that he watched pornography with her. He stated that he first put his penis in A.N.'s mouth when she was three or four years old.

On October 31, 2013, the State charged Neal with Class A felony child molesting and Class B felony incest. At trial, then nine-year-old A.N. described extensive sexual conduct on several occasions between Neal and her, including vaginal intercourse, anal sex, and oral sex. A jury found Neal guilty as charged. Because of double jeopardy concerns, Neal was only convicted of Class A felony child molesting.

In sentencing Neal, the trial court considered as aggravating that Neal failed to accept responsibility or show remorse despite admitting to the conduct, that he has a minor criminal history, that he unsuccessfully completed probation in the

past, that a reduced or suspended sentence would depreciate the seriousness of the offense, and that A.N. was his daughter. The trial court found no mitigators, and sentenced Neal to forty years executed. Neal now appeals.

## Analysis

Neal argues that his forty-year executed sentence is inappropriate and that it should be reduced and/or include a term of probation. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the

sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Appellate Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8] Regarding the nature of the offense, Neal acknowledges that A.N. was his very young daughter with whom he held a position of trust. Nevertheless, he contends that he did not force or threaten physical harm to A.N. and that the medical examination supported his theory that no sexual intercourse occurred. We simply are not persuaded that the nature of the offense, even if limited to oral sex, warrants a reduction of his forty-year sentence when, by Neal's own admission, he engaged in oral sex with his daughter when she was three or four and again when she was older.

[9] Regarding the character of the offender, Neal argues that he was thirty-one when he was charged with the current offense and before that had only been convicted of misdemeanor possession of marijuana and alcohol in 2001 and misdemeanor check deception in 2006. Although Neal's criminal history is not significant, it is not non-existent. Further, the presentence investigation report shows that Neal had used marijuana daily since he was eighteen and had used methamphetamine multiple times a week since he was twenty-seven. Neal also

used opiates two to three times a week. This ongoing drug abuse taken with his criminal history indicates a pattern of disregard for the law.

[10] Moreover, although Neal admitted to engaging in oral sex with A.N., he insisted in taking his case to trial whereby nine-year-old A.N. had to testify against her father in graphic detail. This shows Neal's lack of remorse and failure to accept responsibility for his crime. The presentence investigation report indicated that, because of Neal's failure to accept responsibility, he is not an appropriate candidate for a community-based sex offender treatment program, which would be a requirement of probation. Based on the nature of the offense and character of the offender, we are not convinced that Neal's sentence is inappropriate or that a portion of his sentence should be suspended to probation.

## Conclusion

[11] Neal has not established that his forty-year executed sentence is inappropriate. We affirm.

[12] Affirmed.

Riley, J., and Bailey, J., concur.